UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| T.F., by his next friend Tracy Keller; K.D., by his next friend Laura Ferenci; C.O, by her next friend Laura Ferenci; L.L, by his next friend Gerald Kegler; T.T. and M.T., by their next friend Dr. Caryn Zembrosky; T.M., T.E., and A.T., by their next friend James Dorsey; A.W., by his next friend Margaret Shulman; I.W., D.W., and B.W., by their next friend Gloria Anderson; and J.W., by her next friend Margaret Schulman; individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>Hennepin County; Hennepin County Department of Human Services and Public Health; David J. Hough, Hennepin County Administrator; Jennifer DeCubellis, Hennepin County Deputy Administrator for Health and Human Services; Jodi Wentland, Hennepin County Director of Human Services; Janine Moore, Director, Hennepin County Child and Family Services; and Emily Piper, Commissioner, Minnesota Department of Human Services,<br><br>                Defendants. | Civ. No. 17-1826 (PAM/BRT)<br><br><br><br><br><br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendants' second Motions to Dismiss. For the following reasons, the County Defendants' Motion is granted in part and denied in part and the Commissioner's Motion is granted.

**BACKGROUND**

Plaintiffs are fourteen children[1] who are in Hennepin County's child-welfare system. Many of them have suffered abuse and neglect at the hands of their biological and foster families. Plaintiffs seek to represent two classes of children: the "special relationship" class, which consists of all children in the County's child-welfare system, and the "maltreatment" class, which consists of children who are or will be the subject of maltreatment reports in Hennepin County. The state Commissioner of the Department of Human Services, Hennepin County, Hennepin County's Department of Human Services and Public Health, and various officials in Hennepin County's Department of Human Services are named as Defendants.

In February 2018, the Court granted in part and denied in part Defendants' motions to dismiss the Amended Complaint. (Docket No. 74.) This pleading contained four claims: (1) that Defendants' policies, customs, or practices violated Plaintiffs' substantive due process right to protection from harm; (2) that Defendants violated Plaintiffs' right to a permanent home; (3) that Defendants violated the Child Welfare Act ("CWA"); and (4) that the County Defendants conducted negligent investigations. The Court dismissed the CWA claim with prejudice because the CWA does not confer a private right of action, and dismissed the right-to-permanent-home and negligence claims without prejudice for

---

[1] Because minors are considered incompetent parties, all Plaintiffs appear through "next friends." Defendants have challenged the authenticity of the next friends and that issue is currently pending before United States Magistrate Judge Becky R. Thorson. For purposes of these Motions, the Court will assume that the next friends are appropriate representatives for the minor Plaintiffs.

failure to sufficiently plead those claims. (Id. at 10, 14, 19.) In addition, the Court dismissed the claims against the Commissioner of any Plaintiff whose legal custodian is the County, not the State. But the Court denied Defendants' request to dismiss the case under abstention principles (id. at 7, 8) and declined to find that statutory immunity barred the negligence claim. (Id. at 19.)

Plaintiffs' Second Amended Complaint (Docket No. 86) raises the same four claims described above, including more specific allegations in the right-to-permanent-home claim and the negligence claim. Plaintiffs re-state their CWA claim but only for purposes of preserving that claim for appeal. The Court will therefore not discuss that claim further.

The Commissioner and the County Defendants have again separately moved to dismiss the claims against them. They contend that Plaintiffs continue to press a constitutional right that does not exist. The County Defendants also argue that Plaintiffs have insufficiently pled any injury in their negligence claim and that, in any event, such a claim is barred by statutory immunity.

**DISCUSSION**

**A.     Second Cause of Action:  Right to Permanent Home**

As noted, the Court previously determined that there is no constitutional right to a permanent home. (Id. at 10.) Plaintiffs contend that the Second Amended Complaint's second cause of action does not rely on a constitutional right to a permanent home. Rather, they characterize it as a claim that Defendants violated Plaintiffs' constitutional rights by failing "to make reasonable efforts to protect Plaintiffs from chronically unstable living arrangements." (Pls.' Opp'n Mem. (Docket No. 123) at 3.) In other words, the

3

constitutional right Plaintiffs press is protection from chronically unstable living arrangements.

There is no dispute that children in the foster-care system are entitled to "adequate medical care, protection, and supervision." Norfleet ex rel. Norfleet v. Ark. Dep't of Human Servs., 989 F.2d 289, 292 (8th Cir. 1993). But even assuming that there is a constitutional right to such medical care, protection, and supervision, there is no constitutional right to protection from chronically unstable living arrangements. Certainly, children suffer harm when their living situations are chronically unstable. But there is no legal authority for Plaintiffs' contention that the Constitution mandates a stable living environment for children in the foster-care system. The cases on which Plaintiffs rely are inapposite. (See Pls.' Opp'n Mem. at 28 (citing LaShawn A. v. Dixon, 762 F. Supp. 959, 974, 993 (D.D.C. 1991) (finding that children in foster care have the constitutional right to services such as appropriate placements and care "consistent with competent professional judgment").)

The right to protection from government interference in family relationships, first recognized in Roberts v. United States Jaycees, 468 U.S. 609 (1984), cannot be extended to a right to protection from chronically unstable living arrangements. See Wieland v. City of Arnold, 100 F. Supp. 2d 984, 988 (E.D. Mo. 2000) (noting that the rights to intimate association and privacy "are limited both in scope and duration" and finding that recognition of a new constitutional rule based on those rights was not appropriate). Plaintiffs have other ways to vindicate the injury children suffer from being shuttled from one foster placement to another, including the other claims Plaintiffs have brought here.

4

The recognition of a new constitutional right is not warranted, and Plaintiffs' second cause of action is dismissed with prejudice.

   B.   **Negligence**

Plaintiffs' negligence claim is brought against the County Defendants only, on behalf of the maltreatment report class. In the first iteration of this cause of action, Plaintiffs alleged that the County Defendants "have performed negligent and inadequate [maltreatment] investigations" that deprived Plaintiffs of their right to adequate investigations. (Am. Compl. ¶¶ 383, 387.) The Court dismissed this claim without prejudice because there was no allegation of harm other than the breach of duty itself. (Docket No. 74 at 19.)

Plaintiffs' new allegations claim that the negligent and inadequate investigations "has caused and will cause children to endure further abuse and neglect." (2d Am. Compl. ¶ 431.) The County Defendants argue that this allegation is insufficient, asserting that Plaintiffs are claiming that the violation of the statutory proscription regarding child-abuse investigations is negligence per se. But Plaintiffs contend that the statute sets forth a duty, that the County Defendants have violated and continue to violate that duty, and that as a result, children are being harmed or are at increased risk of being harmed. This is a classic negligence claim and is sufficient. Plaintiffs are not required to set out all of their evidence at this stage. They must only make factual allegations that plausibly plead a claim. They have done so here.

The County Defendants also argue that the negligence claim is barred by statutory immunity. The Court previously denied County Defendants' argument on this point.

(Docket No. 74 at 18-19.) County Defendants once again argue that Plaintiffs' challenge to alleged systemic failures in statutorily required investigations is a challenge to planning-level decisions for purposes of statutory immunity. But the Court has already determined that the "alleged failures constitute operational-level decisions, not planning-level ones." (Id. at 19.) Plaintiffs' re-pled negligence claim does not change that conclusion, and the Court will not dismiss Plaintiffs' negligence claim on this basis.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Hennepin County Defendants' Motion to Dismiss (Docket No. 97) is **GRANTED in part** and **DENIED in part**;

2. The Commissioner's Motion to Dismiss (Docket No. 91) is **GRANTED**; and

3. Plaintiffs' Second Cause of Action (Docket No. 86, ¶¶ 413-18) is **DISMISSED with prejudice**.

Date: September 27, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge