# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| T.F. by his next friend Tracy Keller; K.D. by his next friend Laura Ferenci; C.O. by her next friend Laura Ferenci; L.L. by his next friend Gerald Kegler; T.T. and M.T. by their next friend Dr. Caryn Zembrosky; T.M., T.E., and A.T. by their next friend James Dorsey; A.W. and J.W. by their next friend Margaret Shulman, and I.W., D.W., and B.W by their next friend Gloria Anderson, individually and on behalf of all others similarly situated, | Civil No.  0:17-cv-01826-PAM-BRT |
| Plaintiffs, | |
| v. | **[PROPOSED] ORDER** |
| Hennepin County; Hennepin County Department of Human Services and Public Health; David J. Hough, Hennepin County Administrator; Jennifer DeCubellis, Hennepin County Deputy Administrator for Health and Human Services; Jodi Wentland, Hennepin County Director of Human Services; and Jodi Harpstead, Commissioner, Minnesota Department of Human Services, | |
| Defendants. | |

This matter came before the Court on Plaintiffs' motion under Fed. R. Civ. P. 23(e) for an order granting final approval of the settlement reached by the parties to this action and certifying the proposed Settlement Classes for purposes of effecting the settlement. Plaintiffs previously filed an executed copy of the Stipulation and Settlement Agreement

and a copy of the proposed Class Notice. (Dkt. 227-1, 228-1.) The Court granted preliminary approval of the settlement and provisionally certified the proposed Settlement Classes on July 31, 2019. (Dkt. 233.) A hearing was held on the motion for final approval and final class certification on December 19, 2019.

Based upon all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED that:**

1)      The Court finds and concludes that the settlement contained in the Stipulation and Settlement Agreement executed by the parties is fair, reasonable, and adequate and merits final approval. The settlement is therefore granted final approval effective January 1, 2020, and the four-year settlement period will thus extend through December 31, 2023.

2)      The Court finds that the Named Plaintiffs are members of the Settlement Classes and that, for purposes of settlement they satisfy the requirements of typicality. The Court also finds that the Named Plaintiffs and their Next Friends have adequately represented the interests of the Settlement Classes. The Court therefore confirms them as representatives of the Settlement Classes.

3)      The Court finds that the following Settlement Classes meet all applicable requirements of Fed. R. Civ. P. 23, and finally certifies the following Settlement Classes for purposes of the settlement:

    i.      Maltreatment Report Settlement Class.  All children who were the subject of maltreatment reports made or referred to Hennepin County during the

Class Period that were or should have been investigated or assessed by

Defendants pursuant to Minn. Stat. § 626.556.

ii.     Special Relationship Settlement Class.  All children for whom Hennepin

County had legal responsibility and/or a special relationship in the context

of the child protection system during the Class Period.

Specifically, the Court finds that, in addition to the findings related to the Named

Plaintiffs and their Next Friends stated above, (a) the number of members in each

Settlement Class is so numerous that joinder of all members thereof is impracticable; (b)

there are questions of law and fact common to each of the Settlement Classes; (c) the

Defendants have acted or refused to act on grounds that apply generally to each of the

Settlement Classes, so that final injunctive or declaratory relief would be appropriate

respecting each Settlement Class as a whole; and (d) a class action settlement is superior

to the other available methods for the fair and efficient adjudication of the controversy.

4)     The Court confirms the appointment of Faegre Baker Daniels LLP; A

Better Childhood, Inc.; and Cuti Hecker Wang LLP as Settlement Class Counsel pursuant

to Fed. R. Civ. P. 23(g).

5)     The Court makes the following findings and conclusions regarding notice

to the Settlement Classes:

(a) The Class Notice was disseminated to persons in the Settlement Classes

in accordance with the terms of the Stipulation and Settlement Agreement, and the

Class Notice and its dissemination were in compliance with the Court's

Preliminary Approval Order; and

3

(b) The Class Notice and Notice Plan (i) provided the best practicable notice under the circumstances to potential Settlement Class Members; (ii) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the proposed settlement, and their right to appear at the Final Approval Hearing; (iii) were reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice; and (iv) complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law.

6)    The Court finds that the settlement was entered into in good faith after arm's-length negotiations among competent, able counsel and was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and the Defendants to adequately evaluate and consider their positions.

7)    There were no objections to the Stipulation and Settlement Agreement.

8)    The claims remaining in this lawsuit, as stated in Counts I and IV of the Second Amended Complaint for alleged violations of Plaintiffs' and Class Members' Substantive Due Process rights and for alleged negligence, are dismissed without prejudice. Plaintiffs and all members of the Settlement Classes are barred from reasserting the remaining claims or substantially similar claims against the Hennepin County Defendants and/or the State Defendant for a period of four (4) years from the effective date of the settlement, January 1, 2020, unless as expressly permitted by the

Court because the Court has determined that there has been a material and unremedied breach of the Settlement Agreement.

9)      Each party will bear its own fees and costs in connection with this lawsuit and the settlement thereof, except for the payment of fees by Defendants to A Better Childhood, Inc. and Cuti Hecker Wang LLP as set forth in the Stipulation and Settlement Agreement.

10)     Any disputes regarding the construction and/or enforcement of the Stipulation and Settlement Agreement are referred to retired Magistrate Judge Arthur Boylan and former Minnesota Supreme Court Chief Justice Kathleen Blatz (or one of them if the other is unable or unwilling to participate) for resolution prior to bringing any such disputes to the Court. In the event the parties are unable to resolve any disputes regarding the construction and/or enforcement of the Stipulation and Settlement Agreement during the four-year period of the settlement, the Court will have the final authority to resolve any such dispute. The parties have consented to the jurisdiction of the Court solely and exclusively for the purpose of deciding and resolving any disputes among them regarding construction and/or enforcement of the Stipulation and Settlement Agreement and granting any necessary relief for that purpose alone, and not to order any other relief, including any relief sought by Plaintiffs in their Complaint but not expressly included as a term of the Stipulation and Settlement Agreement. The Court accordingly retains such jurisdiction.

**IT IS SO ORDERED. LET JUDGMENT BE ENTERED ACCORDINGLY**

**FORTHWITH.**

Dated:  December ___, 2019

_____
The Honorable Paul A. Magnuson
United States District Judge