UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| T.F., by his next friend Tracy Keller; K.D., by his next friend Laura Ferenci; C.O, by her next friend Laura Ferenci; L.L, by his next friend Gerald Kegler; T.T. and M.T., by their next friend Dr. Caryn Zembrosky; T.M., T.E., and A.T., by their next friend James Dorsey; A.W., by his next friend Margaret Shulman; I.W., D.W., and B.W., by their next friend Gloria Anderson; and J.W., by her next friend Margaret Schulman; individually and on behalf of all others similarly situated, | Civ. No. 17-1826 (PAM/BRT) |
| Plaintiffs, | |
| v. | **ORDER** |
| Hennepin County; Hennepin County Department of Human Services and Public Health; David J. Hough, Hennepin County Administrator; Jennifer DeCubellis, Hennepin County Deputy Administrator for Health and Human Services; Jodi Wentland, Hennepin County Director of Human Services; Janine Moore, Director, Hennepin County Child and Family Services; and Jodi Harpstead, Commissioner, Minnesota Department of Human Services, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Final Approval of Settlement under Fed. R. Civ. P. 23(e), and for final class certification for settlement purposes. Plaintiffs previously filed an executed copy of the Stipulation and Settlement Agreement and a copy of the proposed Class Notice. (Docket Nos. 227-1, 228-1.) The

Court preliminarily approved the settlement and provisionally certified the settlement classes on July 31, 2019. (Docket No. 233.)

The parties provided notice of the settlement as set forth in the previously approved proposed Class Notice. The Court held a hearing on the Motion for Final Approval on December 19, 2019. No objections were received, and no person requested to appear at the hearing to object to the settlement.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Court finds that the settlement contained in the Stipulation and Settlement Agreement is fair, reasonable, and adequate. Therefore, the Motion (Docket No. 239) is **GRANTED** and the settlement contained in the Stipulation and Settlement Agreement is **APPROVED** effective January 1, 2020, and the four-year settlement period will thus extend through December 31, 2023.

2. The Court determines that Plaintiffs are members of the Settlement Classes and that, for purposes of settlement, they satisfy the requirements of typicality and the Plaintiffs and their Next Friends adequately represent the interests of the Settlement Classes. Plaintiffs are therefore confirmed as representatives of the Settlement Classes.

3. The Settlement Classes meet all applicable requirements of Fed. R. Civ. P. 23, and the following Settlement Classes for purposes of the Settlement are **CERTIFIED**:

    a. **Maltreatment Report Settlement Class**. All children who were the subject of maltreatment reports made or referred to Hennepin County during the Class Period that were or should have been investigated or assessed by Defendants pursuant to Minn. Stat. § 626.556.

    b. **Special Relationship Settlement Class**. All children for whom Hennepin County had legal responsibility and/or a special relationship in the context of the child protection system during the Class Period.

    The Court specifically finds that, in in addition to the findings related to the Named Plaintiffs and their Next Friends stated above, (a) the number of members in each Settlement Class is so numerous that joinder of all members

       thereof is impracticable; (b) there are questions of law and fact common to each of the Settlement Classes; (c) the Defendants have acted or refused to act on grounds that apply generally to each of the Settlement Classes, so that final injunctive or declaratory relief would be appropriate respecting each Settlement Class as a whole; and (d) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. The Court previously appointed class counsel, and now confirms the appointment of Faegre Baker Daniels LLP; A Better Childhood, Inc.; and Cuti Hecker Wang LLP as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g).

5. The Court finds that:

    a. The Class Notice was disseminated to persons in the Settlement Classes in accordance with the terms of the Stipulation and Settlement Agreement, and the Class Notice and its dissemination complied with the Court's Preliminary Approval Order;

    b. The Class Notice and Notice Plan (i) provided the best practicable notice under the circumstances to potential Settlement Class Members; (ii) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the proposed settlement, and their right to appear at the Final Approval Hearing; (iii) were reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice; and (iv) complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law; and

    c. The settlement was entered into in good faith after arm's-length negotiations among competent, able counsel and was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and the Defendants to adequately evaluate and consider their positions.

6. Plaintiffs' remaining claims, Counts I and IV of the Second Amended Complaint are **DISMISSED without prejudice**. Plaintiffs and all members of the Settlement Classes are barred from reasserting the remaining claims

3

      or substantially similar claims against the Hennepin County Defendants and/or the State Defendant for a period of four (4) years from the effective date of the settlement, January 1, 2020, unless the Court expressly permits after a determination that there has been a material and unremedied breach of the Settlement Agreement.

7. Each party will bear its own fees and costs in connection with this lawsuit and the settlement thereof, except for the payment of fees by Defendants to A Better Childhood, Inc. and Cuti Hecker Wang LLP as set forth in the Stipulation and Settlement Agreement.

8. Any disputes regarding the construction and/or enforcement of the Stipulation and Settlement Agreement are referred to retired Magistrate Judge Arthur Boylan and former Minnesota Supreme Court Chief Justice Kathleen Blatz (or one of them if the other is unable or unwilling to participate) for resolution before bringing any such disputes to the Court. In the event the parties are unable to resolve any disputes regarding the construction and/or enforcement of the Stipulation and Settlement Agreement during the four-year period of the settlement, the Court will have the final authority to resolve any such dispute. The parties have consented to the jurisdiction of the Court solely and exclusively for the purpose of deciding and resolving any disputes among them regarding construction and/or enforcement of the Stipulation and Settlement Agreement and granting any necessary relief for that purpose alone, and not to order any other relief, including any relief sought by Plaintiffs in their Complaint but not expressly included as a term of the Stipulation and Settlement Agreement. The Court accordingly retains such jurisdiction.

9. Pursuant to Section 5.d.iv of the Stipulation and Settlement Agreement, John Stanoch, former Hennepin County District Court Judge, is **APPOINTED** as the chair of the Settlement Subcommittee and will serve as the independent Neutral under the Stipulation and Settlement Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   December 19, 2019

                                      *s/Paul A. Magnuson*
                                      Paul A. Magnuson
                                      United States District Court Judge